UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SCOTT DROWN, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-11106-RWZ |
| | ) | |
| UNITED STATES, | ) | |
| Respondent. | ) | |

MEMORANDUM AND ORDER

ZOBEL, D.J.

For the reasons set forth below: (1) Petitioner's Motion Requesting Preliminary

Probation Hearing and Removal of Federal Detainer (Docket No. 2) is DENIED; (2)

Petitioner's Motion for Appointment of Counsel (Docket No. 3) is DENIED; (3)

Petitioner's Motion for Writ of Habeas Corpus ad testificandum (Docket No. 1) is

DENIED; and (4) this action is DISMISSED *sua sponte*.

BACKGROUND

On June 17, 2010, Scott Drown ("Drown"), a prisoner serving a state sentence at

MCI Concord in Concord, Massachusetts,[1] filed a "Motion Requesting Preliminary

Probation Hearing and Removal of Federal Detainer" (Docket No. 2).  In his motion,

Drown seeks a preliminary probation revocation hearing pursuant to Fed. R. Crim. P.

32.1(b)(1)(Revoking or Modifying Probation or Supervised Release; preliminary hearing)

and 18 U.S.C. § 3565 (Revocation of Probation), as well as the removal of the

outstanding federal detainer issued from the United States District Court for the District

of New Hampshire (Concord) in connection with United States v. Drown, 1:00-cr-00180-

---

[1]Drown was sentenced on January 4, 2005 after a conviction for trafficking in
cocaine over 28 grams, public park or playground violation, and armed assault with
intent to murder.

SM-1 (D.N.H.), for probation violations.  Drown contends that this federal detainer has been outstanding for over six (6) years.  He also claims that probation jurisdiction was transferred from the District of New Hampshire to the District of Massachusetts.

Accompanying his motion, Drown filed a proposed Writ of Habeas Corpus ad testificandum (Docket No. 1), as well as Motion for Appointment of Counsel for Preliminary Probation Revocation Hearing (Docket No. 3), asserting he is indigent.[2]

DISCUSSION

As an initial matter, it is unclear whether Drown intended to file his pleadings as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He did not pay the $5.00 filing fee or seek a waiver of the fee.[3]  However, had Drown's probation been transferred to this District (as he contends), this matter would have been assigned a criminal case number pursuant to standard Clerk's Office practice, and Drown's recent pleadings likely would have been docketed under that criminal number (with no filing fee imposed).  Here, a check with the Clerk's Office as well as the United States Probation Office for the District of Massachusetts reveals that no probation transfer to this District has been effected.  According to the records of the Probation Office, at one time, supervision had been transferred from the District of New Hampshire to the District of Massachusetts, but jurisdiction was still held in the District of New Hampshire.  It is

---

[2]Because there is no record of Drown on the dockets of this Court, on July 1, 2010, the Clerk's Office opened this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, for administrative purposes.

[3]In prisoner cases, a motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."  Rule 3(a)(2) of the Rules Governing Section 2254 cases (applicable to other habeas petitions at the discretion of the Court).

presumed that the Probation Office in New Hampshire generated a probation violation petition prompting the detainer that Drown alleges has been lodged against him for six years.  On August 17, 2004, the District of New Hampshire took the case back for probation violation purposes.

In view of the lack of original jurisdiction and the lack of transfer jurisdiction to the District of Massachusetts, Drown's "Motion Requesting Preliminary Probation Hearing and Removal of Federal Detainer" (Docket No. 2) as well as his Motion for Appointment of Counsel (Docket No. 3) and his Motion for Writ of Habeas Corpus ad testificandum (Docket No. 1) are denied without prejudice.

<u>CONCLUSION</u>

Based on the foregoing, it is hereby Ordered that:

1.    Petitioner's Motion Requesting Preliminary Probation Hearing and Removal of Federal Detainer (Docket No. 2) is DENIED;

2.    Petitioner's Motion for Appointment of Counsel (Docket No. 3) is DENIED;

3.    Petitioner's Motion for Writ of Habeas Corpus ad testificandum (Docket No. 1) is DENIED; and

4.    This action is DISMISSED *sua sponte* without prejudice to refiling it in the District of New Hampshire.

SO ORDERED.

<u>/s/ Rya W. Zobel</u>
UNITED STATES DISTRICT JUDGE

DATED: July 19, 2010